## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2017, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian M. Pierce
Muncie, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clarel Strausburg and Kandy Strausburg, | July 31, 2017 |
| *Appellants-Defendants,* | Court of Appeals Case No. 38A02-1702-SC-329 |
| v. | Appeal from the Jay Superior Court |
| Town of Bryant, | The Honorable Max C. Ludy, Jr., Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 38D01-1606-SC-157 |

**Baker, Judge.**

[1] Clarel and Kandy Strausburg own multiple properties in Bryant, Indiana. On June 7, 2016, the Town of Bryant (the Town) filed a small claims action against the Strausburgs for failure to pay sewage bills on some of their properties.[1]

[2] Sewage and trash collection is governed by the Town's ordinances. Pursuant to those ordinances, the standard cost for sewage services is $29.85 per month. Under certain circumstances, rate reductions may apply. For example, a house that has been vacant for at least six months may be eligible for an "empty rate" of $10 per month. Appellant's App. Vol. II p. 5. The Strausburgs believe that they should have been charged the empty rate on some of their properties rather than the full standard rate.

[3] Ordinance Number 1992-3[2] provides for a consumer appeal procedure "'whereby a user shall have the right to appeal a decision of the administrator of the sewer system and user charge system to the Town Council and that any decision concerning the sewage system or user charges of the Town Council may be appealed to the Circuit Court of the county.'" *Id.* at 7.

[4] There is no evidence in the record that the Strausburgs sought relief from the Town Council. Instead, they simply stopped paying their bills. The trial court found that the Strausburgs "wanted to litigate said charges in small claims court

---

[1] The complaint is not included in the record on appeal.

[2] This ordinance is not included in the record on appeal, but the trial court included the relevant language in its order.

which completely bypassed the Town Council and the circuit court review and appeal procedures." *Id.* Ultimately, the trial court ruled in favor of the Town, finding that the Strausburgs had failed to pay their bills and, as such, were liable to the Town for the unpaid bills as well as late fees.

[5] The Strausburgs argue on appeal that the trial court inappropriately raised the affirmative defense of exhaustion of administrative remedies on behalf of the Town. We disagree with that framing of the trial court's analysis. It is evident that the trial court merely examined the relevant ordinances and found that, because the Strausburgs failed to challenge their bills pursuant to the Town's ordinances, as a matter of law, they had no defense to their failure to pay the sewage bills. Based on this record, we see no reason to second-guess the trial court in that regard.

[6] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.